IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOHANNA R.**[1]

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

Civ. No. 1:23-cv-918-CL

**OPINION AND ORDER**

---

MARK D. CLARKE, Magistrate Judge.

Plaintiff Johanna R. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits and supplemental security income benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c) For the reasons provided below, the Commissioner's decision is AFFIRMED.

**PROCEDURAL BACKGROUND**

On May 7, 2021, Plaintiff protectively filed an application for disability insurance benefits and supplemental security income, alleging disability beginning on August 14, 2016. Tr.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

17. The claim was denied initially and on reconsideration. Tr. 72, 94. Plaintiff requested a hearing before an administrative law judge and appeared before ALJ Mark Triplett on June 13, 2022. Tr. 33-63. Plaintiff, represented by her attorney, and a vocational expert testified at the hearing. Tr. 33-63. The ALJ found Plaintiff not disabled in a written decision issued August 17, 2022. Tr. 27-28. The Appeals Council denied review on May 1, 2023, making the ALJ's decision the final agency decision. Tr. 1-6. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 39 years of age on her alleged onset date and has a tenth-grade education. Her past relevant work includes home attendant, security guard, and automobile service attendant. Tr. 26. She alleges disability due to stroke, diabetes, allergies, asthma, vision, blood clots, anxiety, carpal tunnel syndrome, shoulder pain, thyroid disorder, and neuropathy. Tr. 260.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

    1.    Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R.

2 - Opinion and Order

§§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

As a preliminary matter, the ALJ found that Plaintiff met the insured status requirements of the Act. Tr. 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from August 14, 2016, through August 17, 2022, the date of the decision. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: peripheral neuropathy, obesity, carpal tunnel syndrome (CTS), diabetes mellitus, status post meniscus tear left knee, phlebitis/deep vein thrombosis (DVT) /pulmonary embolism (PE), and left shoulder degenerative joint disease. Tr. 20. At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 21. The ALJ found that Plaintiff had the RFC to perform light work with the following exertional and non-exertional limitations:

> [Plaintiff] can stand and walk [four] hours in an [eight] hour day
> and sit for [six] hours in an [eight] hour day. [She] requires the
> ability to alternate between sitting and standing at will while
> remaining on task. [She] can occasionally climb ramps and stairs,
> but never climb ladders, ropes, or scaffolds. [She] can occasionally
> balance, stoop, kneel, crouch, and crawl. [She] can frequently, but

4 - Opinion and Order

> not constantly, handle, finger, and feel bilaterally. [She] can tolerate occasional exposure to extreme environmental heat and cold, and to workplace vibration. [She] can tolerate occasional exposure to atmospheric conditions as defined in Selected Characteristics of Occupations. [She] can tolerate no exposure to workplace hazards such as unprotected heights and exposed, moving machinery.

Tr. 22. At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. Tr. 26. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite her impairments. Tr. 26. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 26.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is

5 - Opinion and Order

supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff asserts that remand is warranted because the ALJ erred in (1) assessing no limitations from non-severe mental impairments at step two; (2) conducting an improper credibility assessment of symptom testimony; and (3) failing to substantiate the RFC determination with evidence from the record.

6 - Opinion and Order

I.      **Plaintiff's non-severe mental impairments**

Plaintiff argues the ALJ failed to properly analyze her impairments of anxiety and depression. Pl. Br. at 8. At step two, it is the claimant's burden to show that she has one or more "severe" medically determinable impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 148 (1987); *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). An impairment is "severe" if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). In determining whether a claimant's mental impairment is severe, an ALJ is required to evaluate the degree of mental limitation in the following four areas, known as the "paragraph B" criteria: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentration, persistence, or pace; and (4) adapting or managing oneself. If the degree of limitation in these four areas is determined to be "mild," a plaintiff's mental impairment is generally not severe, unless there is evidence indicating a more than minimal limitation in his ability to perform basic work activities. *See* 20 C.F.R. §§ 404.1520a(c)-(d), 416.920a(c)-(d); 20 C.F.R. pt. 404, subpt. P, app.1.

Plaintiff challenges the ALJ's finding that her non-severe impairments of anxiety and depression warranted no additional limitations in her RFC. Pl. Br. at 8. Although Plaintiff acknowledges that a non-severe impairment "may not significantly limit an individual's ability to do basic work activities," Plaintiff asserts that non-severe impairments may be critical to a claim "when considered with limitations or restrictions due to other impairments." Pl. Br. at 9. Furthermore, Plaintiff argues the ALJ failed to provide a narrative analysis of his RFC conclusions regarding non-severe impairments, as required by SSR 98-6p.[2] The Court disagrees with Plaintiff's assessment for the reasons articulated below.

---

[2] Plaintiff advanced an overlapping argument as to her math and reasoning levels in connection with her non-severity argument. Pl. Br. at 13-14. However, this argument is

7 - Opinion and Order

To start, the Ninth Circuit has long held that the existence of mental impairment alone does not establish functional limitation or disability. *See Leddy v. Berryhill*, 702 F. App'x 647, 648 (9th Cir. 2017); *see also Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (noting the "mere existence of an impairment is insufficient proof of a disability"). Additionally, the Ninth Circuit has found that mild mental impairments are not severe enough to warrant non-exertional limitations that "significantly limit[] a claimant's ability to do work beyond the exertional limitation." *Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007). Indeed, it is the claimant's duty to show their impairment is severe enough to warrant significant limitations to their ability to work. *Bowen*, 482 U.S. at 146 n.5; 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, Plaintiff has failed to carry her burden of proof that her non-severe mental impairments warrant any added limitations in the RFC.

The ALJ found Plaintiff had no limitations in any of the paragraph B mental functioning areas and provided substantial evidence to support his conclusion that her non-severe mental impairments did not result in functional limitations. Tr. 20-21; 20 C.F.R. §§ 404.1520a(c)-(d), 416.920a(c)-(d). The ALJ noted that records of Plaintiff's psychiatric examinations were "mostly unremarkable with the claimant demonstrating normal mood, behavior, judgment, cognition, and memory." Tr. 20, citing Tr. 1901. Treatment notes referencing depression and anxiety symptoms, and cited by the ALJ, were "largely circumstantial," with recent progress notes documenting "mild depression" and anxiety. Tr. 20, citing Tr. 2211, 2241. Additionally, the ALJ relied on state agency psychologists who opined that medically determinable mental impairments of

---

undeveloped as Plaintiff merely asserts without support that "the record suggests" she is incapable of performing the exemplary jobs at step five. The Court need not address arguments that are "too undeveloped to be capable of assessment." *Hibbs v. Dept. of Hum. Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001)

8 - Opinion and Order

anxiety and depression resulted in "no more than mild limits." Tr. 21, citing Tr. 74, 92, 104, 113. Finally, the ALJ pointed to Plaintiff's subjective reports which "only briefly reference[] anxiety," and hearing level evidence "almost entirely concerned with physical rather than mental, limitations." Tr. 21.

Here, it is clear to this Court that the ALJ considered Plaintiff's non-severe impairments when determining the RFC. That he did not incorporate any limitations flowing from "mild" impairments was not error because the record shows Plaintiff had no limitations to her mental functioning. The ALJ further supported that conclusion with substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 794 (finding no error where an ALJ did not include limitations in the RFC resulting from only mild mental limitations).

Thus, the ALJ's determination regarding Plaintiff's non-severe impairments will not be disturbed.

## II. Subjective Symptom Testimony

Plaintiff argues the ALJ committed an improper credibility analysis when assessing her subjective symptom testimony. Pl. Br. at 17. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; instead, the ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation

9 - Opinion and Order

omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff argues the ALJ's assessment of her symptom testimony amounted to an improper credibility analysis "based on comparing statements regarding her functional abilities and finding them directly inconsistent with other statements she made." Pl. Br. at 17. The ALJ's analysis, however, does not discuss Plaintiff's credibility at any point. Rather, the ALJ evaluated Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms, as required by Agency rules. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 16-3p. That he found Plaintiff's statements were inconsistent with medical and other evidence in the record does not amount to an improper credibility analysis.

In evaluating Plaintiff's symptom testimony, the ALJ concluded her daily activities, medical treatment history, and evidence of improvement with treatment as inconsistent with

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, 2017 WL 5180304, at *1–2 (S.S.A. Oct. 25, 2017).

10 - Opinion and Order

alleged severity of her symptoms. *See* SSR 16-3p (factors an ALJ will consider when evaluating the intensity, persistence, and limiting effects of an individual's symptoms including daily activities, effectiveness of treatment, and treatment history). For example, the ALJ found allegations of neuropathy and joint pain symptoms resulting in Plaintiff's inability to use her hands, stand, or sit for long periods of time inconsistent with records showing "dramatic relief" with medication treatment, and presenting with a "normal gait even with contemporaneous reports of ambulation with a limp." Tr. 25, citing Tr. 439, 2220, 2254, 2258. The records cited by the ALJ show that Plaintiff told medical providers Cymbalta was "managing the [neuropathy] pain adequately," Tr. 439. In November 2022, Plaintiff told providers that duloxetine for neuropathy was working well. Tr. 2220. And, although she presented with a limp at a January 2021 appointment for knee pain, Plaintiff was observed as having a normal gait, no need for assistive devices, and a "healthy appearing knee with well-maintained joint space" with "no acute osseous abnormalities." Tr. 2254, 2258. Similarly, the ALJ found Plaintiff's allegations of being unable to use her hands for tasks such as typing inconsistent with her activities of playing games on her phone all day. Tr. 25, citing Tr. 272-279; 298-305. The ALJ noted that Plaintiff failed to follow up on a recommendation for CTS surgery on her right wrist until two years had passed, with treatment notes stating she had been "lost to follow-up." Tr. 24. Objective tests of Plaintiff's shoulder and knee show unremarkable findings, leading to "uncertain diagnoses." Tr. 25, citing Tr. 2250, 2258. The ALJ pointed out Plaintiff reported difficulty with holding a coffee cup, but reported being able to drive with assistance, and play games on her phone. Tr. 25. Here, the ALJ's reasons for discounting Plaintiff's symptom testimony are clear and convincing, free of harmful legal error, and supported by substantial evidence.

11 - Opinion and Order

### III. The RFC Decision

The Court construes the remainder of Plaintiff's arguments as centering on perceived errors in the RFC decision. These arguments range from challenges to specific decisions about functional limitations to broad allegations of general error. For example, Plaintiff argues error in RFC limitations to frequent handling, fingering, and feeling; limitations to no exposure to workplace hazards such as unprotected heights, and exposed moving machinery; limitations to standing and or walking four hours in a six-hour workday with a sit/stand option. Plaintiff then broadly argues the ALJ failed to take her obesity into account. The Court addresses these arguments below, construing those arguments where the Plaintiff's lack clarity and specificity.

#### a. Frequent handling, fingering, and feeling

Plaintiff argues the ALJ failed to explain how a limitation to frequent handling, fingering, and feeling is supported by the evidence. Pl. Br. at 17-22. According to Plaintiff, the ALJ's finding "speculates on [her] ability to grasp, hold, and turn object and for how long based on general statements on her ability to hold a steering wheel." Pl. Br. at 17. Plaintiff argues the ALJ did not "explain why an individual who can hold a steering wheel can lift, grasp, raise, hold, or turn objects up to ten or twenty pounds as required by light work" or why the limitation is to "frequent as opposed to occasional." Pl. Br. at 18.

This argument is unavailing because the ALJ clearly explained the reasons for limiting Plaintiff to frequent handling, fingering, and feeling, and cited evidence in the record to support his conclusion. Specifically, the ALJ relied on the medical opinions of State agency physicians, Drs. Kevin M. Cuccaro, DO, and Thomas W. Davenport, MD. Both doctors opined that Plaintiff was limited to frequent handling, fingering on both sides, due to bilateral carpal tunnel syndrome. Tr. 25 citing Tr. 80, 102. Dr. Cuccaro similarly found Plaintiff was limited to only frequent feeling, whereas Dr. Davenport found no limitation in this area. Tr. 80, 102. Given the

12 - Opinion and Order

evidence, the ALJ concluded the more restrictive RFC opined by Dr. Cuccaro was appropriate. The ALJ's reasoning here is clear and the Court will not disturb his conclusions.

### b. No exposure to workplace hazards

Plaintiff argues that the ALJ "speculatively attributes" greater limitations to Plaintiff's blood clotting and DVT "without explaining how this conclusion is supported by specific medical facts or nonmedical evidence." Pl. Br. at 21. Plaintiff further argues that the ALJ failed to provide evidence to support an RFC limitation to no exposure to workplace hazards such as unprotected heights and exposed, moving machinery. Pl. Br. at 21, Tr. 22.

The ALJ assessed greater limitations to Plaintiff's RFC than previous administrative determinations because of concerns related to COPD/asthma exacerbations, neuropathy pain. Tr. 26. Citing "concerns related to bleeding and blood clotting" stemming from Plaintiff's DVT/phlebitis and pulmonary embolism, the ALJ concluded she should have no exposure to workplace hazards such as unprotected heights and exposed, moving machinery. Tr. 26, citing Tr. 1903, 2008, and 40-56. Thus, Plaintiff's is unavailing because the ALJ pointed to evidence he relied on wherein Plaintiff was "instructed on bleeding precautions and prevention of injury," experienced an exacerbation of asthma symptoms, and complained of pain-related symptoms. Tr. 1903, 2008. Furthermore, an ALJ may assess greater limitations than those opined by the state physicians. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001) (finding the ALJ may consider statements of greater limitations than medical evidence alone); *see also Jackson v. Saul*, No. EDCV 19-01576-JEM, 2020 SL 2768682, at *5 (C.D. Cal. May 27, 2020) (finding no error where an ALJ assessed greater limitations than State and private physicians after taking Plaintiff's symptom testimony into consideration); *Serie H. v. Saul*, No. SACV 19-475, 2020 WL 4808886, at *2 (C.D. Cal. Aug. 18, 2020) (the ALJ considered the entire record,

13 - Opinion and Order

including Plaintiff's testimony, and assessed greater limitations than those opined by agency physicians). Here, the ALJ did not err in assessing greater limitations than those included in the medical opinions.

### c. Sustained and Continuous Work

Plaintiff argues that the ALJ did not properly evaluate her ability sustain continuous work. Pl. Br. at 22; SSR 96-8p. Plaintiff asserts that, in light of frequent treatments required for her anti-coagulation therapy and her need of up to an hour and a half each day to manage her insulin pump, she is precluded from being able to sustain continuous work. Pl. Br. at 22. Plaintiff, indeed, was subject to frequent medical clinic visits for INR testing and monitoring of her Warfarin dosage to aid in preventing issues with DVT and PE. However, as the ALJ pointed out, Plaintiff was switched from Warfarin to Xarleto, which, according to Plaintiff's own testimony, is working well at controlling symptoms with no side effects. Tr. 50. Additionally, Xarleto does not require INR checks or frequent dosage adjustments, as Warfarin did. Thus, the ALJ's reasons for concluding Plaintiff's DVT and PE would not affect her ability to sustain continuous work can be reasonably discerned. *See Treichler*, 775 F.3d at 1099 (the ALJ's decision will not be disturbed, so long as the path is reasonably discernible). Similarly, there is no evidence that Plaintiff would require hours of each day to manage her insulin pump. Indeed, the continuous glucose monitoring and insulin pump have been effective in controlling Plaintiff's blood sugars with records showing marked improvement in her overall blood sugar stability. Tr. 23, citing Tr. 443, 1905, 1952, 2265, 2271.

### d. Limitations to standing, sitting, and walking

Plaintiff argues the ALJ failed to adequately explain how he determined Plaintiff can stand and/or walk for four hours in an eight-hour workday. Pl. Br. at 23. Although she

14 - Opinion and Order

acknowledges that the time restrictions originated from state agency doctors, in Plaintiff's view, the ALJ's error lies in incorporating limitations from medical opinions that he had found unpersuasive. Pl. Br. at 23. Additionally, Plaintiff seems to assert that the ALJ failed to properly assess how RFC limitations account for her obesity. Tr. 23-24.

To start, Plaintiff's assertion that the ALJ found the agency doctors' opinions unpersuasive is a misreading of the record. The ALJ found the opinions of Drs. Cuccaro and Davenport only "not persuasive as to all of the limits offered," and then determined that greater limitations were warranted. Tr. 25. State agency Drs. Cuccaro and Davenport determined Plaintiff could stand/walk for four of eight hours in total, with standing restricted to no more than 30 minutes at a time without opportunity to sit. Tr. 89, 103. The ALJ assessed greater limitations than Drs. Cuccaro and Davenport, restricting Plaintiff to standing and walking four hours in an eight-hour workday, sitting for six hours in an eight-hour workday, and requiring the ability to sit and stand at will, while remaining on task. Tr. 22. Moreover, the ALJ explained why he assessed greater limitations than opined by either agency doctor: "to fully consider [Plaintiff's] symptoms." Tr. 25. According to the ALJ, Plaintiff's allegations of worsening neuropathy symptoms warranted a more restrictive RFC. Tr. 25. Again, an ALJ does not commit error when he assesses greater limitations than those opined in medical opinions.

As to claims that the ALJ failed to address her obesity in the RFC calculation, Plaintiff provides no authority stating an ALJ must address limitations caused by each severe impairment individually. Such a requirement would be needlessly cumbersome and add time to an already long administrative process. According to agency rules, the ALJ must consider and include all limitations from a claimant's impairments, and then discuss their ability to perform sustained work, on a regular and continuing basis; describe the maximum amount of each work-related

15 - Opinion and Order

activity the individual can perform based on the evidence available; and explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p. There is therefore no error where the ALJ did not specifically mention Plaintiff's obesity when discussing the limitations to walking, standing, and sitting.

## ORDER

In sum, the ALJ properly evaluated Plaintiff's non-severe impairments, subjective symptom testimony, and RFC. The ALJ's determination is free from legal error and supported by substantial evidence. For the reasons set forth above, the decision of the Commissioner is AFFIRMED.

It is so ORDERED and DATED this 14 day of JUNE, 2024.

MARK D. CLARKE
United States Magistrate Judge

16 - Opinion and Order